## Trask v. Key.

The original notice for personal service should be returned to the court " not found," before notice can be authorized by publication.

Before a defendant can be considered in default, on a notice by publication, it should appear that a copy of the petition and notice had been directed to him through the post office, as required by the Code.

*Appeal from Louisa District Court.*

*Opinion by* Greene, J.    An action to foreclose a mortgage against P. P. Trask.    Notice returned into clerk's office by the coroner, declaring the defendant to be a non resident of the State.    Date of return, July 29, 1853.    It appears of record, that notice by publication was commenced on the 25th of July, four days before the return of the original notice.    There is no evidence that service was attempted, by directing the notice through the post office, as provided by Code, § 1826; and still the court below decided that the defendant was in default, and rendered a decree against him accordingly.    This decree was obviously unauthorized.

The record shows that defendant was a non-resident of the state, and it may well be questioned whether he was even subjected to the jurisdiction of the court.    But if he might have been brought within that jurisdiction, the proceedings clearly show that he was not, by any authorized process.

1. The original notice was not returned to the court— "not found"—before the notice by publication was commenced.

2. There was no copy of the petition and notice sent to the defendant through the post office, as required by the Code, § § 1826, 2497.

At the last term of this court, it was held that notice by

publication is not good unless these directions are observed. [a]

Judgment reversed.

*J. Butler* and *H. O'Connor*, for appellant.

*B. F. Wright*, for appellee.

(a) *Pinkney* v. *Pinkney, Ante.*, 3.